# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VOLTAGE PICTURES, LLC, | ) |
| | ) |
| | ) Case No.: 13-cv-634 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOE subscriber to | ) |
| IP Address 24.240.60.29 | ) |
| (Formerly Doe No. 6) | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, VOLTAGE PICTURES, LLC, by and through its undersigned counsel, for and as its Complaint against Defendant, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief brought by VOLTAGE PICTURES, LLC ("Plaintiff") for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.). As set forth in greater detail below, this action involves the unauthorized acquisition and transfer of Plaintiff's mainstream, copyrighted motion picture "Maximum Conviction" (hereinafter the "MOVIE"). Defendant was previously identified as Doe No. 6 in 13-CV-281.

2. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. On information and belief, personal jurisdiction in this District is proper because the Defendant, without consent or permission of Plaintiff as exclusive rights owner, within Wisconsin

reproduced, distributed and offered to distribute over the Internet the copyrighted MOVIE for which Plaintiff has exclusive rights. Geolocation technology was used to trace the Internet Protocol ("IP") addresses of the Defendant to a point of origin within this Judicial District.

4. Venue in this District is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a) as the Defendant resides in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## THE PARTIES

### The Plaintiff

5. Plaintiff is a developer and producer of motion pictures with principal offices in Los Angeles, California that produces, markets and distributes motion pictures including the MOVIE.

### The Rights of the Plaintiff

6. The MOVIE has been registered with the United States Copyright Office. (Exhibit A)

7. The MOVIE contains wholly original material that is copyrightable subject matter under the laws of the United States.

8. Plaintiff possesses and owns sufficient rights for standing to bring this action.

9. Plaintiff's MOVIE is easily discernible as a professional work as it was created using professional performers, directors, cinematographers, lighting technicians, set designers and editors and with professional-grade cameras, lighting and editing equipment.

10. Defendant had notice of Plaintiff's rights through general publication and advertising.

### The Defendant

11. Defendant was a participant in a peer-to-peer file sharing network.

12. Defendant has been identified by Charter Communications as the subscriber assigned IP address 24.240.60.29 at the time of infringement.

13. The Defendant was observed infringing Plaintiff's MOVIE on 03/14/2013 09:05:19 PM UTC using IP address 24.240.60.29.

14. In the observation of the infringement by the Defendant, a direct TCP/IP connection was made with IP 24.240.60.29 and infringing content was successfully download from the Defendant.

## BACKGROUND

## PEER-TO-PEER INTERNET PIRACY

15. As noted by Senator Levin in Congressional hearings on peer-to-peer internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm." http://www.levin.senate.gov/newsroom/in_the_news/article/?id=1994715b-9ea7-42f1-bc54-7a366b42dfcc (last visited September 12, 2013).

16. Peer-to-peer networks, at least in their most common form, are computer systems that enable internet users to: 1) make files (including motion pictures) stored on each user's computer available for copying by other users or peers; 2) search for files which are stored on other users' computers; and 3) transfer exact copies of files from one or more computers to another via the Internet.

17. The particular peer-to-peer protocol at issue in this suit is the BitTorrent protocol which requires a user to intentionally download and install a computer program called a "client." The

BitTorrent client is the user's interface during the downloading / uploading process. The client may be free, supported by advertising, offer upgrades or add on services for a fee, or a combination of several options.

18.   Users then intentionally visit a "torrent site" such as Pirate Bay or another network site to search for "torrent files" and / or "magnet links" associated with Plaintiff's MOVIE for download, often using a standard web browser.

## FACTS OF THE CLAIM

### IP Address

19. An ISP grants access to the Internet and the ability to send and receive information, whether in the form of an email, photo or motion picture. To connect to the Internet a user must contract with an ISP and create an account for service.

20. The ISP then generally assigns each subscriber a unique IP address. An IP address is like the address used on an envelope. It is the identifier that tells the world not only where data is being sent from, but the location to where any requested data should be sent.

21. On information and belief, including confirmation of the ISP used, Defendant was the party observed using IP address 24.240.60.29 at a specific time to exchange Plaintiff's MOVIE though the BitTorrent peer-to-peer network.

22. Under the BitTorrent protocol each file has a unique "hash" tied to a specific file. The files identified with the hash SHA1: 48DD54D3682A1CA39775F29BDA773E4ECC997AE8 have been downloaded by Plaintiff's investigators from Defendant and confirmed as being for an unauthorized copy of Plaintiff's MOVIE. The BitTorrent client application utilized was BitTorrent 7.5.0.

**Conduct of Defendant**

23. Plaintiff has recorded the Defendant identified herein as copying and publishing the MOVIE via BitTorrent.

24. Defendant initiated the infringing conduct by first intentionally logging into one of many BitTorrent client repositories known for their large index of copyrighted movies, television shows and software. Defendant then intentionally obtained a torrent file identified by a "hash" which was attached to the MOVIE from the index and intentionally loaded that torrent file into a computer program or client designed to read such files.

25. With the torrent file intentionally loaded by Defendant, the BitTorrent protocol initiated connections with other users possessing and uploading or sharing copies of the MOVIE in that same hash. As the MOVIE was copied to Defendant's computer piece by piece, these downloaded pieces of the MOVIE were also published and made available for upload to others users' computers. Thus, Defendant not only participated in the BitTorrent by downloading Plaintiff's MOVIE, but also uploaded or published the MOVIE via BitTorrent.

**CLAIM FOR RELIEF**

**COPYRIGHT INFRINGEMENT COUNT I**

26. Upon information and belief, the Defendant was a willing and knowing participant in the infringment of Plaintiff's copyrighted MOVIE.

27. Defendant, without the permission or consent of Plaintiff, copied and distributed the MOVIE through a public BitTorrent network.

28. Defendant's actions infringed Plaintiff's exclusive rights under The Copyright Act.

29. Defendant's conduct has been willful, intentional, in disregard of and indifferent to Plaintiff's rights.

30. As a direct and proximate result of Defendant's conduct, Plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

31. Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

32. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury.

33. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further contributing to the infringement of Plaintiff's copyright and ordering that Defendant destroy all copies of the MOVIE.

## DAMAGES

34. Upon information and belief, the Defendant was a willing and knowing participant in the infringment of Plaintiff's copyright.

35. Plaintiff claims statutory damages from Defendant pursuant to 17 U.S.C. § 504(c)(2).

36. Plaintiff provides further notice of the potential damages available under various laws, such as 17 U.S.C. § 504 which include all costs of this action and broad equitable relief, including the seizure

or destruction of all infringing articles and equipment used in the infringement, including any computers used.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  For entry of permanent injunction enjoining Defendant from infringing Plaintiff's rights in the MOVIE, including without limitation by using the Internet to reproduce or copy the MOVIE, to distribute the MOVIE, or to make the MOVIE available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. And further directing Defendant to destroy all unauthorized copies of the MOVIE.

B.  For damages pursuant to 17 U.S.C. § 504.

C.  Plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505.

D.  For such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED:  September 12, 2013             Respectfully submitted,

                                       VOLTAGE PICTURES, LLC


                                       By:    s/ Keith A. Vogt
                                              Keith A. Vogt (Bar No. 6207971)
                                              Takiguchi & Vogt
                                              1415 W. 22nd Street, Tower Floor
                                              Oak Brook, Illinois 60523

630.974.5707
Attorney for Plaintiff